**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THERESA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CHUGACH ALASKA CORPORATION,<br><br>Defendant. | Civil Action No. 15-2266 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, Theresa Williams, brought a Complaint against the defendant, Chugach Alaska Corporation, alleging common law wrongful termination of her employment and infliction of emotional distress.[1] Compl. ¶¶ 23–24, ECF No. 5-1. Pending before the Court is the defendant's Motion to Dismiss the Complaint ("Def.'s Mot."), ECF No. 7, and the plaintiff's Motion to Amend Complaint and Opposition to Defendant's Motion to Dismiss the Complaint ("Pl.'s Mot. Amend."), ECF No. 10. For the reasons set forth below, the defendant's motion is granted and, because the proposed amendment would be futile, the plaintiff's motion is denied.[2]

**I.   BACKGROUND**

The following facts, taken from the Complaint and the Proposed Amended Complaint, ECF No. 10-1, will be assumed as true for purposes of the pending motions. The Proposed

---

[1] The defendant characterizes this claim as one for "intentional infliction of emotional distress." Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 7, ECF No. 7. In the Complaint, however, the plaintiff refers to the claim simply as "Emotional Distress" and avers that the defendant's "negligent conduct" caused that distress, suggesting her claim is for negligent infliction of emotional distress. Compl. ¶ 24. As will be explained, the precise nature of this part of the plaintiff's original claim is irrelevant to the present analysis.

[2] This Court has diversity jurisdiction over this lawsuit, under 28 U.S.C. § 1332(a), since the plaintiff is a citizen of the District of Columbia and the defendant is citizen of Alaska, Compl. ¶ 6, and the amount in controversy exceeds $75,000, Compl. at 5 (alleging that plaintiff is entitled to lost wages and benefits "in an amount not less than 650 thousand dollars").

1

Amended Complaint asserts only a single claim for wrongful termination, bolstered by new factual allegations, Proposed Am. Compl. ¶¶ 4–13, omits certain facts contained in the original Complaint, and drops the plaintiff's original claim for infliction of emotional distress.  To aid in resolving both the defendant's motion to dismiss and the plaintiff's motion for leave to file an amended complaint, the factual allegations supporting both filings are set out below.

The plaintiff was an employee at the Potomac Job Corps Center ("PJCC"), from December 2008 until her termination on October 3, 2014.  Compl. ¶ 5.  The defendant began operating the PJCC, pursuant to a contract with the Department of Labor ("DOL"), in May 2011, and employed plaintiff as a "Recreation Manager" until her termination.  *Id*. ¶ 5.  The Proposed Amended Complaint describes two incidents.

The first incident allegedly occurred in August 2014, when the plaintiff and Fred Rowe, who was the Community Living Director and the plaintiff's supervisor, found themselves at loggerheads about a matter involving use of funds.  Specifically, PJCC was "planning to celebrate 50 years of service."  Proposed Am. Compl. ¶ 5.  Rowe instructed the plaintiff to contact a graphic designer to design banners to mark the occasion and to order the banners by August 25, 2014.  *Id*. ¶ 6.  The plaintiff contracted with FedEx to produce the banners at a cost of approximately $1060.00.  *Id*. ¶ 7.  Rowe approved the amount and paid for the banners from the funds allocated for the plaintiff's recreation activities.  *Id.* ¶ 8.

The plaintiff objected to this use of funds on the ground that PJCC was not permitted to "transfer funds from one budget . . . category to another without getting approval from the DOL Regional Office," and that the PJCC had not obtained that approval.  *Id*. ¶¶ 9–10.  According to the plaintiff, the "PJC[C], pursuant to OBM [sic] Circular 136, is restricted as it relates to illegal transfers between line items," and that "[n]o funds can be removed from one line item

(department) without the permission of the regional Job Corps Office." *Id*. ¶¶ 12–13. Nonetheless, the plaintiff alleges that she was ordered by Rowe, along with Roxanne Chin, PJCC's Director, to "expend recreation resources for the 50th Anniversary banners." *Id*. ¶¶ 5, 10.

The second incident related to the plaintiff's duty at PJCC to arrange monthly "incentive activit[ies]," such as lunches, dinners, laser tag, or movies, for student volunteers who helped in cleaning the recreation center. Compl. ¶¶ 9–10; Proposed Am. Compl. ¶¶ 15-16. According to the plaintiff, this was "a practice for the last four years." Compl. ¶ 9; Proposed Am. Compl. ¶ 15. To arrange payment for these incentive activities, the plaintiff submitted purchase orders to Deepa Gorge, Administrative Assistant to Rowe, whose approval was required for each purchase order she submitted. Compl. ¶ 8; Proposed Am. Compl. ¶ 14.

"[W]eeks prior" to September's incentive activity, which was dinner at the Cheesecake Factory, the plaintiff submitted a purchase order to Gorge. Compl. ¶ 11; Proposed Am. Compl. ¶ 17. In addition "an email was forwarded" to Rowe, and he approved the activity. Compl. ¶ 12; Proposed Am. Compl. ¶ 18. On September 12, 2014, the students were informed of the dinner, and the plaintiff requested the funds for the dinner from Gorge. Compl. ¶ 13; Proposed Am. Compl. ¶ 19. At that time, Gorge "shared that she had forgotten to complete the purchase order for the funds." Compl. ¶ 13; Proposed Am. Compl. ¶ 19 (stating "the purchase order for the funds were never completed"). The plaintiff explains she "was disturbed," noting that the cafeteria was closed and thus the students would have no food unless the plaintiff purchased it for them, and "because of policy, she would not be reimbursed." Compl. ¶ 14; Proposed Am. Compl. ¶ 20.

The plaintiff subsequently discussed the situation with Rowe in his office. Compl. ¶¶ 15-16; Proposed Am. Compl. ¶ 22 (plaintiff "protested against the lack of funds"). During this

conversation, which took place before two other people, Rowe "used the word 'Hell' and hit the desk with his fist." Compl. ¶¶ 15–16. He accused the plaintiff of "ordering food without permission." *Id.* ¶ 16. While walking out of Rowe's office, and not in the presence of Rowe, the plaintiff, "to herself, said this is some 'BS.'" *Id.* ¶ 17. Sometime later, in response to a question by Grace Jibril, Human Resources Manager, the plaintiff denied that she had "curse[d] at her supervisor," and Rowe agreed that "no profanity had been used." *Id.* ¶¶ 19–20. Nevertheless, the plaintiff was put on administrative leave for three weeks starting on September 15, 2014, and was subsequently terminated on October 3, 2014, on the ground that she had violated Chugach Alaska Corporation Policies and Procedures, Policy B-2, Section: 6. *Id.* ¶¶ 21–22.[3]

Thirteen months after her termination, the plaintiff filed a complaint, on November 20, 2015, against the defendant in the Superior Court of the District of Columbia, alleging wrongful termination and emotional distress on the basis of the reimbursement incident. *Id.* at 1, ¶ 23–24. After removing the case to this Court, Notice of Removal, ECF No. 1, the defendant moved to dismiss the complaint, Def.'s Mot. As part of her opposition to dismissal, the plaintiff moved to amend her original complaint, Pl.'s Mot. Amend., which motion the defendant opposes as futile. Def.'s Mem. Opp'n Pl.'s Mot. Am. Compl. ("Def.'s Opp'n") at 2–3, 5, ECF No. 11. The defendant's motion to dismiss and the plaintiff's motion to amend are now ripe for consideration.

## II.  LEGAL STANDARD

### A.  MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[3]   The Complaint quotes from the policy, which prohibits "'[i]nsubordination, including failure to perform assigned or required duties and failure to follow instructions received from supervisor(s)' [and] '[r]ude and discourteous behavior toward shareholders, customers, or other employees including the use of foul language, vulgarity or profanity.'" Compl. ¶ 21.

is plausible on its face." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief," *Twombly*, 550 U.S. at 555, and "nudge[] [the] claims across the line from conceivable to plausible," *id*. at 570.  Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact.  *Twombly*, 550 U.S. at 555; *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014), *cert. denied sub nom. Sissel v. Dep't of Health & Human Servs.*, 136 S. Ct. 925 (2016) (in considering a Rule 12(b)(6) motion, the "court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor, but is not required to accept the plaintiff's legal conclusions as correct" (internal citations omitted)).  In addition, courts may "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also English v. District of Columbia*, 717 F.3d 968, 971 (D.C. Cir. 2013).

### B. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

"[T]he grant or denial of leave to amend is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). While leave to amend a complaint should be freely granted when justice so requires, *see* Fed R. Civ. P. 15(a)(2), the Court may deny a motion to amend if such amendment would be futile, *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing *James Madison Ltd. by Hecht v. Ludwig,* 82 F.3d 1085, 1099 (D.C. Cir. 1996)). Where a plaintiff "'could not allege additional facts that would cure the deficiencies in her complaint,'" a District Court acts within its discretion in denying leave to amend the complaint as futile. *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) (quoting *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006)).

### III. DISCUSSION

The defendant asserts that the complaint must be dismissed because it fails to state a claim and that the plaintiff's proposed amendment still fails, despite the additional factual allegations, to cure the deficiencies. The defendant is correct.

The defendant advanced several possible grounds for dismissal of the original Complaint, arguing (1) that the plaintiff incorrectly identified her employer, the organization that operates the PJCC, as Chugach Alaska Corporation ("CAC"), while in fact CAC's subsidiary, Chugach Government Services, Inc. ("CGSI"), is the entity that operates PJCC, Def.'s Mem. at 4–5; (2) that the plaintiff failed to allege facts that could support a claim for wrongful termination, noting that the plaintiff has not rebutted the presumption that her employment was "at will," and thus

could be terminated by her employer at any time for any reason, unless doing so violated public policy, Def.'s Mem. at 6–7; and (3) that the plaintiff failed to allege facts to support her claim of emotional distress, Def.'s Mem. at 7–9. [4]

In her Motion to Amend Complaint and Opposition to Defendant's Motion to Dismiss the Complaint, the plaintiff has not disputed any of the defendant's contentions, opting instead to provide an amended complaint attempting to remedy the alleged defects by "nam[ing] the proper Defendant" and "set[ting] forth facts to support her claims."  Pl.'s Mem. Supp. Mot. Amend. at 4, ECF No. 10, as well as simply eliminating the challenged claim for infliction of emotional distress.[5]  While acknowledging that the Proposed Amended Complaint now names the correct defendant and deletes the emotional distress claim, obviating its objections to those alleged deficiencies of the Complaint, the defendant contends that the plaintiff's amended wrongful termination claim would nevertheless not withstand a renewed motion to dismiss.[6]  Def.'s Opp'n at 2.

---

[4]  The plaintiff provides absolutely no response to the defendant's arguments or any explanation, other than changing the named defendant, for how the amended complaint suffices to address the deficiencies pointed out in the defendant's motion to dismiss and in the defendant's opposition to the plaintiff's motion to file an amended pleading, to which opposition the plaintiff filed no reply.  Thus, the defendant's motions to dismiss the Complaint and deny the plaintiff's motion to amend may be granted as conceded.  *See Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.") (quoting *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014)).

[5]  In explaining why the proposed amendment would not prejudice the defendant, the plaintiff makes puzzling reference to the "addition of an equal protection claim against DOE and Messrs. Chu and Seward, as well as a due process claim against DOE and the official capacity defendants, does not substantially change the theory on which the case has been proceeding."  Pl.'s Mem. Supp. Mot. Amend at 7.  The defendants and equal protection and due process claims referenced in this portion of the plaintiff's motion appear to have nothing to do with the instant case.

[6]  The defendant's counsel has averred that "[f]or purposes of this Motion, undersigned counsel also represents Chugach Government Services, Inc. to the extent the Court desires to know the position of the proposed new defendant."  Def.'s Opp'n at 2 n.2.

Noting that the plaintiff has alleged no facts tending to show she was not an at-will employee, the defendant asserts that the plaintiff has failed to plead facts placing that claim "within the 'very narrow' public policy exception to the at-will doctrine." Def.'s Opp'n at 4. Under District of Columbia law, it is presumed "that a hiring not accompanied by an expression of a specific term of duration creates an employment relationship terminable at will by either party at any time." *Nickens v. Labor Agency of Metro. Wash.*, 600 A.2d 813, 816 (D.C. 1991). The plaintiff has put forth no allegations to rebut that presumption, and therefore the at-will employment doctrine applies to this case.[7] "'It has long been settled in the District of Columbia that an employer may discharge an at-will employee at any time and for any reason, or for no reason at all.'" *McCormick v. Dist. of Columbia*, 752 F.3d 980, 987 (D.C. Cir. 2014) (quoting *Kassem v. Wash. Hosp. Ctr.*, 513 F.3d 251, 254 (D.C. Cir. 2008)). Thus, to plausibly claim wrongful termination, the plaintiff must allege facts placing her claim within an exception to the at-will employment doctrine.

"[T]he District of Columbia Court of Appeals [has] recognized a 'very narrow' public policy exception to the at-will employment doctrine: 'a discharged at-will employee may sue his or her former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation.'" *Kassem*, 513 F.3d at 254 (quoting *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C.

---

[7] "This presumption can be rebutted by evidence that the parties intended the employment to be . . . subject to specific preconditions before termination." *Nickens*, 600 A.2d at 816. The plaintiff's original complaint alleged wrongful termination on the ground that her termination for the reimbursement incident, described *supra*, was not consistent with the "Chugach Alaska Corporation Policies and Procedures" forming the basis of her termination. Compl. ¶¶ 21, 23. The Proposed Amended Complaint makes no mention of these policies and procedures, though it provides that her termination was "not in accordance with existing employment agreement." Proposed Am. Compl. ¶ 26. It is thus unclear if the plaintiff presses a wrongful termination claim on the basis of either incident separate from a claim under the public policy exception. In any event, the plaintiff offers no support in either the original or Proposed Amended Complaint for the proposition that the company policies and procedures constituted an employment contract such that the at-will employment doctrine does not apply.

1991)). That court has "specifically declined to follow numerous other state courts that have adopted more expansive public policy exceptions," requiring instead that "the public policy in question [be] 'solidly' based in a specific statute or regulation or [that] a constitutional provision 'concretely' appl[y] to the employer's conduct." *Leyden v. Am. Accreditation Healthcare Comm'n*, 83 F. Supp. 3d 241, 249 (D.D.C. 2015) (quoting *Carl v. Children's Hosp.*, 702 A.2d 159, 161 (D.C. 1997) (en banc)). Put another way, "lest the exception come to swallow the rule," the District of Columbia Court of Appeals has urged that such exceptions be recognized "only if they 'reflect a clear mandate of public policy . . . "officially declared" in a statute or . . . regulation, or in the Constitution,'" and demonstrate "a 'close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.'" *Id.*; *see also Harris v. D.C. Water & Sewer Auth.*, No. 12-1453 (JEB), 2016 WL 3659883, at *4 (D.D.C. July 1, 2016); *Peterson v. AT&T Mobility Servs.*, 134 F. Supp. 3d 112, 122 (D.D.C. 2015) (citing *Hoff v. Rein*, 110 A.3d 561, 564 (D.C. 2015)).

The Complaint and Proposed Amended Complaint are silent as to whether her employer's actions in the reimbursement incident allegedly violated any specific statute, regulation, or constitutional provision to bring this conduct within the "'very narrow' public policy exception" allowing her wrongful termination claim to go forward on this basis. *Kassem*, 513 F.3d at 254 (quoting *Adams*, 597 A.2d at 34). In the Proposed Amended Complaint, the plaintiff also alleges facts suggesting that she was terminated for protesting the inappropriate use of funds on the part of PJCC. Specifically, she contends that the PJCC's use of funds from the recreation budget to purchase anniversary banners was an "illegal transfer[]" under the government's policy reflected in "OBM [sic] Circular 136," which prohibits "transfer[ring] funds

from one budget one category to another without getting approval from the DOL Regional Office." Proposed Am. Compl. ¶¶ 9, 12.

These new allegations fail to salvage the plaintiff's wrongful termination claim for two reasons.  First, the cited circular, OMB Circular No. A-136, *Financial Reporting Requirements*, is not a statute or a regulation, but simply a guide for federal agencies, intended to "establish[] a central point of reference for all Federal financial reporting guidance for Executive Branch departments, agencies, and entities required to submit audited financial statements, interim financial statements, and Performance and Accountability Reports (PAR)" pursuant to various statutes.  OMB Circular A-136, *Financial Reporting* Requirements, at 1 (Sept. 18, 2014). Second, section I.3 of that document clarifies that it applies "to each Executive Branch department, agency, and other entity . . . that is required to prepare audited financial statements" under the Chief Financial Officers Act, the Government Management and Reform Act, or the Accountability for Tax Dollars Act.  *Id.* at 2.  The Proposed Amended Complaint does not contain facts alleging that the PJCC qualifies as an entity required to prepare financial statements under these statutes such that the circular even applies to it.  Therefore, the plaintiff has alleged neither that the circular would constitute "public policy" for the purposes of the exception, nor that the activity against which she protested was in contravention of the guidance provided in this circular.  *See Leyden*, 83 F. Supp. 3d at 249 ("The common denominator in [cases applying the public policy exception to 'alleged retaliatory discharges'] is the existence of specific laws or regulations that clearly reflect a policy prohibiting the activity about which the employee complained . . . .").  Accordingly, the Proposed Amended Complaint fails to state a claim under

the narrow public policy exception to the District of Columbia's at-will employment doctrine, and thus the proposed amendment would be futile.[8]

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss, ECF No. 7, is granted, and the plaintiff's motion to amend, ECF No. 10, is denied. The Clerk of the United States District Court for the District of Columbia is directed to close this case.

An Order consistent with this Memorandum Opinion will be issued contemporaneously.

Date: September 28, 2016

_____

BERYL A. HOWELL

Chief Judge

---

[8] The defendant contends alternatively that the plaintiff's motion to amend should be stricken or denied because it "does not comply with the spirit of Local Civil Rule 7(m)," Def.'s Opp'n at 8, which requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." Local Civil Rule 7(m). The defendant notes that the plaintiff's counsel "contacted [the defendant's counsel] on a *Saturday* only moments before filing" the motion to amend. Def.'s Opp'n at 8. The plaintiff, however, combined the motion to amend with her opposition to the defendant's motion to dismiss; for this reason, as well as judicial efficiency, the motion has been considered, and having determined it should be denied as futile, the defendant's argument that it be denied for failure to comply with Rule 7(m) need not be reached.